# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50252 | **DATE** | 10/22/2012 |
| **CASE TITLE** | Casten v. Durso | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider [54] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

    On September 8, 2011, plaintiff, Ralph Casten, filed a one-count class action complaint against defendant, Diana Durso, alleging that she obtained, disclosed, and used personal information from the motor vehicle records of plaintiff and at least 50 other persons in violation of the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 et seq. On December 19, 2011, a little over three months after the complaint was filed and before any motion for class certification was made, plaintiff accepted defendant's offer of judgment "in the amount of $2,501.00 plus reasonable attorney fees and costs accrued as of the date of the offer (December 16, 2011) to be determined by the court in this case." Shortly thereafter, the court entered judgment in favor of plaintiff pursuant to the parties' agreement.

    On February 8, 2012, the plaintiff moved this court to award attorney's fees in the amount of $51,918, which defendant opposed and suggested that $7,500 was more reasonable "in light of the nominal relief obtained by Plaintiff." On May 21, 2012, this court denied that motion without prejudice, finding that the parties failed to comply with Local Rule 54.3, specifically stating that

> Here, the parties' Local Rule 54.3(e) joint statement does not identify any specific amounts requested that either should or should not be allowed. Rather, the parties only provide the court with total amounts and general objections. See LR 54.3(e)(3) (requiring the joint statement to include "a brief description of each specific dispute remaining between the parties as to the fees"). Although defendant does provide some specific objections to certain fees in her response to the motion, she does not identify any amounts that are reasonable. Moreover, because plaintiff never filed a reply to defendant's response, the court is unable to discern whether plaintiff would concede that some of the amounts sought are unreasonable.

Before the court currently is plaintiff's motion to reconsider, wherein the plaintiff asserts that he had fully complied with Local Rule 54.3 and that only the defendant failed to comply. Therefore, he argues, this court should reconsider its previous order and instead grant the plaintiff's original petition. For the reasons that follow, plaintiff's motion to reconsider is denied.

    "It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties,

where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011). Indeed,

> [a] motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (formatting omitted). Utilizing this standard, the court concludes that reconsideration is not appropriate. Plaintiff's arguments can be summarized simply—he believes that this court's reasoning that the joint statement under Local Rule 54.3 is the joint responsibility of the parties is wrong and that failure to produce the joint statement is acceptable where the defendant failed to follow the procedures set out in Local Rule 54.3. However, this court fully understood plaintiff's position in his original petition, the court simply rejected that position. Local Rule 54.3 provides specific instructions on what documents should be exchanged, as this court set out in its previous order, and Local Rule 54.3(g) gives plaintiff a specific remedy if defendant failed to follow them. Plaintiff never filed a motion for instructions pursuant to Local Rule 54.3 requesting that this court intervene and order defendant to participate in the various ways plaintiff claims defendant failed. Accordingly, this court reaffirms its decision to send the issue back to the parties until they comply with Local Rule 54.3 and denies plaintiff's motion to reconsider.

11 C 50252 Casten v. Durso

Page 2 of 2